■ MARGARET E. McKINNEY, Doing Business as McKINNEY'S SANITARIUM, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents. McKINNEY'S SANITARIUM, INC., Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Two proceedings pursuant to article 78 of the CPLR to review two determinations of the respondent Commissioner of Social Services of the State of New York, both made December 29, 1972, which, after hearings, refused to grant waivers to petitioners of relevant provisions of the Life Safety Code of the National Fire Protection Association (21st ed., 1967) and to certify petitioners as providers of skilled nursing home care in accordance with the provisions of title 19 of the Federal Social Security Act (U. S. Code, tit. 42, § 1396a). Determinations annulled, on the law, without costs, and the respondent Commissioner of Social Services is directed to issue a waiver to each petitioner upon the condition specified by the hearing officer. The findings, conclusions and recommendations of the hearing officer in each case are adopted by this court. Petitioners, operators of skilled nursing homes in Yonkers, seek annulment of determinations of the Commissioner of Social Services that they are not entitled to waivers of certain structural requirements pertaining to institutional buildings, contained in the Life Safety Code of the National Fire Protection Association (21st ed., 1967). If waivers are not eventually issued, petitioners cannot continue to be certified under the Federal Social Security Law as providers of skilled nursing home care for the elderly and will no longer be entitled to participate in the New York State Medicaid program or receive Medicaid reimbursement. The Federal Act permits the responsible State agency (Department of Social Services) to issue such a waiver if, *inter alia,* strict application of the provisions of the Life Safety Code would result in unreasonable hardship on a nursing home and, if the waiver would not adversely affect the health and safety of the patients (U. S. Code, tit. 42, § 1396a, subd. [a], par. [28], cl. [F], subcl. [i]; Code of Fed. Reg., tit. 45, § 249.33, subd. [a], par. [1], cl. [vii]). Since both institutional buildings are two or more stories in height and of wood frame construction, it is conceded by petitioners that the buildings do not comply with subdivision 10–1322 of chapter 10 of the Life Safety Code, which mandates that "institutional buildings two stories or more in height shall be constructed of at least two-hour fire-resistive construction." After hearings in these cases pursuant to the determination in *Maxwell* v. *Wyman* (458 F. 2d 1146), the hearing officer submitted a lengthy report in each case in which he made numerous findings of fact and conclusions and recommended that the subject facility be granted a waiver provided the proprietor make certain minor corrections and modifications in the building in order to insure greater fire protection. However, the respondent State Commissioner of Health in a brief memorandum in each case

recommended that the waiver not be granted, holding that the hearing officer had "misconstrued" the application of the Life Safety Code. The Commissioner of Social Services approved the recommendations of the Commissioner of Health and held that petitioners had failed to prove that waivers of the relevant provisions of the Life Safety Code would not adversely affect the health and safety of the patients. We disagree with the determination of the Commissioner of Social Services in each case. In our opinion, the findings, conclusions and recommendations of the hearing officer in each case were supported by substantial evidence and should have been adopted. At each hearing uncontradicted evidence was adduced, *inter alia*, that although the subject wood frame building could never comply with the two-hour fire-resistive-construction requirement of the Life Safety Code, it nevertheless contained excellent automatic sprinkler and fire detection systems and was located within a quarter of a mile of a firehouse. It was also shown that the Fire Department of Yonkers inspects the facilities monthly and that fire drills are held at each institution at least once a month. Statistical information introduced in evidence revealed that there has been no multiple loss of life either in this country or Canada from a fire in any nursing home protected by an automatic sprinkler system. Furthermore, the uncontroverted testimony of the expert for each petitioner was that with certain minor corrections and modifications with respect to the enclosing of the subject facility's stairwell, the covering of the outside fire escape, the rehanging of doors, etc., the facility would afford adequate levels of fire safety for its patients. In view of such undisputed evidence, we are of the opinion that the determination of the Commissioner of Social Services in each case, refusing to grant a waiver was arbitrary, capricious and an abuse of discretion. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.